JUSTICE COMPTON,
with whom CHIEF JUSTICE CARRICO joins, dissenting.
Only through pure conjecture may one conclude that the greasy film was on the floor through improper cleaning. Certainly that is possible; however, it is just as likely that the film collected from other causes, such as an unobserved spillage by another customer occurring after the floor had been cleaned.
The majority says that “nothing in the record suggests that some other foreign substance was found in that area that would account for the slippery condition of the floor over such a large area.” This argument loses sight of the fact that in a case such as this the plaintiff, not the defendant, has the burden to prove negligence; the defendant does not have to “account” for the happening of an accident.
Furthermore, there is no evidence that defendant had actual or constructive notice of the condition. No customer had reported “anything wrong with the floor” to defendant’s employees during the hours immediately preceding the accident. Moreover, the record shows that Meadows, who slipped 20-30 minutes before the accident, did not tell any of the defendant’s employees about the slippery condition prior to the fall by plaintiff’s decedent.
In addition, there was no evidence to show how long the slippery condition existed. The proof merely showed that a defect was present on the floor of defendant’s premises and that it caused the decedent’s injury; this does not support a finding of constructive notice.
Therefore, I would affirm the trial court’s judgment.